IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD GRAHAM and ROSEMARY GRAHAM Plaintiffs, vs. A.W. CHESTERTON COMPANY et. al., | ) ) ) ) ) ) Case No. 13–cv–1219–SCW–DGW ) ) ) ) ) ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

This case is before the Court for the purposes of docket control. The Court now takes up the pending Motions and Stipulations for Dismissal of certain Defendants.

**Stipulation of Dismissal by Foster Wheeler Energy Corp. (Doc. 129)**

Before the Court is a Stipulation of Dismissal as to Defendant Foster Wheeler Energy Corp., (Doc. 129) with an accompanying request to withdraw their pending Motion to Dismiss. (Doc. 68).

The Federal Rules of Civil Procedure permit a plaintiff to voluntarily dismiss claims without a court order by filing a stipulation for dismissal signed by all parties who have appeared. **Fed. R. Civ. P. 41(a)(1)(A)**. Defendant Foster Wheeler Corp. has entered such a stipulation. (Doc. 129). The case against Foster Wheeler is therefore **DISMISSED** without prejudice pursuant to Federal Rule 41(a)(1). All parties shall bear their own costs. Additionally, per the representation in the relevant Stipulation, Foster Wheeler Energy Corp.'s Motion to Dismiss (Doc. 68) is **WITHDRAWN**.

**Motion to Voluntarily Dismiss Selected Defendants Without Prejudice (Doc. 139)**

1

Plaintiffs have filed a Motion to Voluntarily Dismiss[1] Borg Warner Morse Tech Inc. (successor by merger to Borg-Warner Corp.), Cleaver-Brooks Inc., Foster Wheeler Energy Corp., Georgia Pacific LLC, Hercules Inc., IMO Indust. Inc., Ingersoll-Rand Co., John Crane Inc., Joy Tech. LLC, Pneumo Abex LLC (successor in interest to Abex Corp.), Riley Power Inc. (f/k/a Riley Stoker Corp.), Trane U.S. Inc. (f/k/a American Standard Inc.), Warren Pumps LLC, Young Group Ltd. (f/k/a Young Sales Corp.), Young Insulation Group of St. Louis Inc., and Zurn Indust. LLC. (Doc. 139).

The Federal Rules of Civil Procedure allow a party to move for dismissal "on terms the court considers proper." **Fed. R. Civ. P. 41(a)(2)**. Dismissal under Rule 41(a)(2) is within the sound discretion of the court. ***Tyco Laboratories, Inc. v. Kopper Co. Inc.,* 627 F.2d 54, 56 (7th Cir. 1980)**. The relevant inquiry is whether the dismissal would prejudice the non-moving parties. ***Wojtas v. Capital Guardian Trust Co.,* 477 F.3d 924, 927 (7th Cir. 2007)**.

As an initial matter, the Court notes that although the Motion at Doc. 139 addresses Defendants Imo Industries Inc., Riley Power Inc., Warren Pumps LLC, and Joy Technologies, those Defendants were all previously dismissed pursuant to stipulations filed by those Defendants. (Doc. 126, 141).[2] Foster Wheeler Energy Corp. has likewise filed a stipulation, discussed above, and will be dismissed pursuant to that stipulation. As to Defendants Borg Warner Morse Tec Inc., Cleaver-Brooks Inc., Georgia Pacific LLC, Hercules Inc., Ingersoll-Rand Co. John Crane Inc., Pneumo Abex LLC, Trane US Inc., Young Group Ltd., Young Insulation Group of St. Louis, Inc., and Zurn Industries LLC, they shall be **DISMISSED without prejudice**. Although Defendants typically have thirty days to respond to a pending Motion to Dismiss, Plaintiff's counsel represented in the

---

[1] This "Motion" was docketed as a "Notice."
[2] Such duplication of effort wastes both the Court's time and the parties' time, and is unnecessary. Parties that do not file responsive pleadings may be voluntarily dismissed at any time. Parties that agree to dismissal in writing should file a stipulation to that effect. If there is no agreement on the record, a Motion pursuant to FRPC 41(2) is more appropriate. Additionally, such motions and filings should be consolidated if possible.

body of the Motion that these defendants have informed Plaintiff's counsel that they have no objection to the dismissal. This representation was repeated to the Court at a scheduling conference where defense counsel was present. No party has objected or alleged any prejudice, and the Court cannot find any prejudice that would be caused by the dismissal. Therefore, those Defendants will be dismissed. Zurn Indust. LLC's Motion to Dismiss (Doc. 71) is **MOOT**. Young Group Ltd.'s Motion to Dismiss (Doc. 75) is **MOOT**. Young Insulation Group of St. Louis Inc.'s Motion to Dismiss (Doc. 79) is **MOOT**.

Plaintiffs have also represented that the dismissal of certain cross-claims is warranted by these dismissals. Defendants Trane U.S. Inc. (Doc. 46), Ingersoll-Rand Co. (Doc. 47), BorgWarner Morse Tec Inc. (Doc. 56), John Crane Inc. (Doc. 88), Warren Pumps LLC (Doc. 112), and Imo Indust. Inc. (Doc. 113) have all filed counterclaims seeking contribution and indemnity in the event they are found liable based on the allegations in Plaintiffs' Complaint. Plaintiffs have represented that the Defendants who will remain in the case after the dismissal do not object to the dismissal of the counterclaims. Because it appears to the Court that dismissal of these Defendants will ultimately preclude a finding of liability for which they could seek contribution or indemnity, the counterclaims are also **DISMISSED without prejudice**.

**Notice of Voluntary Dismissal without Prejudice as to Selected Defendants (Doc. 140)**

Plaintiffs have filed a Notice of Voluntary Dismissal without Prejudice as to Selected Defendants: Certain-Teed Corp. Crown Cork & Seal Co. Inc., Fisher Scientific LLC, Ford Motor Co., Honeywell Int'l Inc., Kelly Moore Paint Co. Inc., Sprinkmann Insulation Inc., Sprinkmann Sons Corp. of Illinois, and Union Carbide Co. (Doc. 140).

Plaintiffs are permitted to dismiss a party "without a court order by filing a notice of dismissal before the opposing party services either an answer or a motion for summary judgment." **Fed. R. Civ. P. 41(a)(1)(A)(i)**. Here, none of the above Defendants have entered an appearance or

filed any type of responsive pleading. Therefore, pursuant to Plaintiffs' filing, they are **DISMISSED without prejudice**. Parties to bear their respective costs.

### Notice of Voluntary Dismissal without Prejudice as to Selected Defendants (Doc. 143)

Plaintiffs have filed a Notice of Voluntary Dismissal or in the alternative, Motion to Voluntarily Dismiss as to Defendants A.W. Chesterton Co., Brand Insulation Inc., Cooper Indust. LLC, Kewaunee Scientific Corp, Sepco Corp. and Sprinkman Sons Corp. (Doc. 143). Of the listed Defendants, only Brand Insulation Inc. (Doc. 117) and Sepco Corp. (Doc. 145) have filed an Appearance. Neither of those Defendants have filed an Answer or other responsive pleading. However, Plaintiffs' notice indicates that these Defendants did file appearances and motions to dismiss in state court prior to removal to this Court. The Federal Rules do not require defendants to re-plead defenses presented in state court unless the district court orders it. **Fed. R. Civ. P. 81(c)**. For the purposes of a Rule 41 dismissal therefore, these Defendants have filed responsive pleadings, even though these pleading are not on file here.[3] It is more appropriate to treat this filing as a Motion pursuant to Fed. R. Civ. P. 41(a)(2), which permits a court to dismiss at the plaintiff's request on terms the court deems proper, because the Rules allow the Court to recognize the previously filed responsive pleadings. Even under the more stringent standard, dismissal is still appropriate. Plaintiff has represented to the Court that none of these Defendants, or the remaining Defendants object to this Motion to Dismiss. The Court cannot find any prejudice to these Defendants, who have not pursued their defenses in this federal forum. The Motion is **GRANTED**. Defendants A.W. Chesterton Co., Brand Insulation Inc., Cooper Indust. LLC,

---

[3] *See Hasenberg et al. v. Air & Liquid System Corp.*, No. 13-cv-1325-MJR-SCW (S.D. Ill. March 5, 2014) ("Defendant Brand Insulations today has filed a "NOTICE" advising that it "incorporates by reference" into the record in this U.S. District Court a "Motion to Dismiss" previously filed in "the original State Court litigation." Brand Insulations may simply be alerting the Court that Brand Insulations already filed a responsive pleading to the complaint (and thus need not do so here). But counsel are admonished that there is no dismissal motion by Brand Insulations which is a part of the record before this Court. And if a ruling is sought (i.e., if the motion was not disposed of in state court), Brand Insulations must freshly file a proper dismissal motion under the appropriate Federal Rule of Civil Procedure. State court and federal court, of course, apply different pleading systems (fact pleading vs. notice leading), and a dismissal motion filed in a state circuit court cannot simply be re-filed here.")

Kewaunee Scientific Corp, Sepco Corp. and Sprinkman Sons Corp. are **DISMISSED without prejudice**. Parties to bear their costs. To the extent that the Defendants intended to assert their previously filed Motions to Dismiss or other defenses in this Court, those Motions are now **MOOT**.

## Statement Noting a Party's Death (Doc. 147)

On March 13, 2014, Plaintiff's counsel and co-Plaintiff Rosemary Graham filed a Suggestion of Death on the Record as to Plaintiff Donald Graham. (Doc. 147). Federal Rule of Civil Procedure 25(a)(1) provides as follows:

> **Substitution if the Claim is not Extinguished.** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Pursuant to Rule 25, a Suggestion of Death must be served on nonparties as provided in Fed. R. Civ. P. 4, that is, through personal service.

Consequently, the Defendant shall effectuate personal service upon any necessary non-parties and provide proof to the Court that service has been achieved. Defendant shall file such supporting documentation with the Court by April 17, 2013.

## Disposition

The case against Foster Wheeler is therefore **DISMISSED without prejudice**. Foster Wheeler Energy Corp.'s Motion to Dismiss (Doc. 68) is **WITHDRAWN**. Defendants Borg Warner Morse Tec Inc., Cleaver-Brooks Inc., Georgia Pacific LLC, Hercules Inc., Ingersoll-Rand Co. John Crane Inc., Pneumo Abex LLC, Trane US Inc., Young Group Ltd., Young Insulation Group of St. Louis, Inc., and Zurn Industries LLC, are **DISMISSED without prejudice**. Zurn Indust. LLC's Motion to Dismiss (Doc. 71) is **MOOT**. Young Group Ltd.'s Motion to Dismiss (Doc. 75) is **MOOT**. Young Insulation Group of St. Louis Inc.'s Motion to Dismiss (Doc. 79) is **MOOT**. Defendants Trane U.S. Inc. (Doc. 46), Ingersoll-Rand Co. (Doc. 47), BorgWarner Morse

5

Tec Inc. (Doc. 56), John Crane Inc. (Doc. 88), Warren Pumps LLC (Doc. 112), and Imo Indust. Inc.'s (Doc. 113) counterclaims are **DISMISSED without prejudice**. Defendants Certain-Teed Corp. Crown Cork & Seal Co. Inc., Fisher Scientific LLC, Ford Motor Co., Honeywell Int'l Inc., Kelly Moore Paint Co. Inc., Sprinkmann Insulation Inc., Sprinkmann Sons Corp. of Illinois, and Union Carbide Co. are **DISMISSED without prejudice**. Plaintiff's Motion to Dismiss Selected Defendants (Doc. 143) is **GRANTED**. Defendants A.W. Chesterton Co., Brand Insulation Inc., Cooper Indust. LLC, Kewaunee Scientific Corp, Sepco Corp. and Sprinkman Sons Corp. are **DISMISSED without prejudice**. Plaintiffs to file a Notice re: the Suggestion of Death on file no later than April 17, 2014.

**IT IS SO ORDERED.**
**DATE: March 19, 2014**               /s/ *Stephen C. Williams*
                                       **STEPHEN C. WILLIAMS**
                                       United States Magistrate Judge